IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUINTON D. ROBINSON,                    No. CIV S-07-1228-MCE-CMK-P

        Petitioner,

   vs.                                  <u>FINDINGS AND RECOMMENDATIONS</u>

HEDGPETH,

        Respondent.

_____/

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 22) the petition as untimely.

**I. BACKGROUND**

       Petitioner was convicted of possession of a firearm by a felon and sentenced to a determinate prison term of seven years. Petitioner's conviction and sentence were affirmed on direct appeal by the California Court of Appeal on December 29, 2004. The California Supreme Court denied direct review on April 13, 2005, and petitioner did not seek further review by the United States Supreme Court. Before filing the instant federal petition, petitioner filed the

1

following:

| | | | |
|---|---|---|---|
| | 1. | <u>Petition for Writ of Habeas Corpus</u> | – Alameda County Superior Court<br>– Filed June 28, 2005<br>– Denied June 28, 2005 |
| | 2. | <u>Petition for Writ of Habeas Corpus</u> | – California Court of Appeal<br>– Filed July 20, 2005<br>– Denied July 27, 2005 |
| | 3. | <u>Petition for Writ of Habeas Corpus</u> | – Alameda County Superior Court<br>– Filed November 7, 2005<br>– Denied November 7, 2005 |
| | 4. | <u>Petition for Writ of Habeas Corpus</u> | – California Court of Appeal<br>– Filed January 30, 2006<br>– Denied February 2, 2006 |
| | 5. | <u>Petition for Writ of Habeas Corpus</u> | – California Supreme Court<br>– Filed February 27, 2006<br>– Denied March 15, 2006 |
| | 6. | <u>Petition for Writ of Certiorari</u> | – U.S. Supreme Court<br>– Filed June 13, 2006<br>– Denied October 2, 2006 |

## II.  DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence.  <u>See</u> 28 U.S.C. § 2244(d).  Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review.  <u>See</u> 28 U.S.C. § 2244(d)(1).

/ / /

/ / /

/ / /

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the state trial court, and the limitations period begins running the following day. If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996. See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court. See 28 U.S.C. § 2244(d)(2). To be "properly filed," the application must be authorized by, and in compliance with, state law. See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed). A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims. See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). It is not, however, considered "pending" after the state post-conviction process is concluded. See Lawrence v. Florida, 127 S.Ct. 1079 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending). Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time. See Carey v. Saffold,

536 U.S. 214 (2002). If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay. See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review. See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001). There is also no tolling for the period between different sets of post-conviction applications. See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003). Finally, the period between the conclusion of direct review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

In this case, the California Supreme Court denied direct review on April 13, 2005, and petitioner did not seek further review by the United States Supreme Court. Therefore, the limitations period began to run the day after expiration of the 90-day time within which to seek certiorari – July 13, 2005.[1] Because the first post-conviction action was filed and decided before the limitations period commenced, it has no tolling effect. Respondent concedes that petitioner is entitled to statutory tolling for the period the second action was pending in the California Court of Appeal (July 20, 2005, through July 27, 2005) and would give petitioner the benefit of interval tolling between the time the first action was denied and the second action was filed. Thus, respondent states the limitations period was tolled from the date it commenced on July 13, 2005, through July 27, 2005, when the second post-conviction action was denied.

/ / /

/ / /

/ / /

---

[1] At page 4 of his motion, respondent incorrectly says the limitations period began to run on June 13, 2005, and that, absent any tolling, the federal petition was due by June 12, 2006. On page 8, however, respondent correctly states that the limitations period commenced on July 13, 2005.

4

1  Respondent, however, argues that petitioner is not entitled to interval tolling for
2 the time between the denial of the second action by the California Court of Appeal and filing of
3 the third action in the Alameda County Superior Court because petitioner was not moving to the
4 next higher level of state court review.  Respondent also argues that petitioner is not entitled to
5 tolling for the time the third action was pending because the Alameda County Superior Court
6 expressly denied it as untimely and, therefore, it was not properly filed.  The court agrees with
7 both arguments and finds that petitioner is not entitled to any tolling from the date the second
8 action was denied on July 27, 2005, through the date the third action was denied on November 7,
9 2005.

As to the fourth and fifth actions, filed in the California Court of Appeal and in
the California Supreme Court, respectively, respondent argues that they were not properly filed
because they were also denied as untimely.[2]  Again, the court agrees.  Because the court finds
that the fourth and fifth actions were not properly filed, petitioner is not entitled to any tolling for
the intervals between the third and fourth actions and the fourth and fifth actions, or the time the
fourth and fifth actions were pending – November 7, 2005, through March 15, 2006.  As to the
sixth action – a petition for writ of certiorari filed in the United States Supreme Court – that
action has no tolling effect because AEDPA only allows tolling for post-conviction actions filed
in the state courts.

/ / /

/ / /

---

[2] The California Court of Appeal denied the fourth action without comment or citation.  Similarly, the California Supreme Court denied the fifth action without comment or citation.  Respondent is correct that, under the "look-through" doctrine, this court looks to the Alameda County Superior Court's decision to provide the rationale for the subsequent court decision because petitioner was moving to the next higher levels of review with the fourth and fifth actions.  See Ylst v. Nunnemaker, 501 U.S. 797, 803-06 (1991).  Because the Alameda County Superior Court denied the third petition as untimely, it must be presumed that the Court of Appeal denied the fourth action as untimely, and that the California Supreme Court denied the fifth action as untimely.  Thus, the fourth and fifth actions were not properly filed.

1       As discussed above, the limitations period commenced on July 13, 2005.
2 Accepting that respondent is correct that it was immediately tolled until the second action was
3 denied on July 27, 2005, and in light of the court's discussion concerning the remaining post-
4 conviction actions, the limitations period ran continuously after July 27, 2005.  Thus, the last day
5 petitioner could have filed a timely federal petition was July 27, 2006.  Because petitioner's
6 federal petition was not filed until March 5, 2007, it is untimely.

7       Petitioner attempts to escape this result by arguing:  (1) counsel was ineffective in
8 advising him with respect to various post-conviction actions; (2) the periods of time between
9 various post-convictions actions was not excessive; (3) the timeliness default has not been
10 consistently applied by the state courts; (4) he is entitled to equitable tolling due to period of
11 prison lock-downs and because he is ignorant of the law; and (5) the United States Supreme
12 Court's decisions in Blakely v. Washington, 542 U.S. 296 (2004), and Cunningham v. California,
13 549 U.S. 270 (2007), apply retroactively and, for this reason, he is entitled to a later start of the
14 limitations period.  The court agrees with respondent that these arguments are not persuasive.

15       Turning to petitioner's last argument first, Blakely and Cunningham are progeny
16 of Apprendi v. New Jersey, 530 U.S. 466 (2000), which does not apply retroactively.  See United
17 States v Sanchez-Cervantes, 282 F.3d 664, 666-67 (9th Cir. 2002); see also   See Schardt v.
18 Payne, 414 F.3d 1025, 1027, 1036 (9th Cir. 2005).  Therefore, this argument lacks merit and
19 petitioner is not entitled to any later start date for the limitations period due to either Blakely
20 or Cunningham.

21       As to petitioner's first argument that he was denied the effective assistance of
22 counsel, respondent is correct that this argument lacks merit because there is no constitutional
23 right to the effective assistance of counsel during post-conviction proceedings.  See Pennsylvania
24 v. Finley, 481 U.S. 551 (1987).

25 / / /

26 / / /

1    Petitioner's second argument that he is entitled to interval tolling because the
2    periods of time between his various post-conviction actions was not excessive is also
3    unpersuasive.  The question of whether there was unreasonable delay arises in the context of
4    determining if interval tolling applies only where the next state court action was properly filed in
5    the correct court (i.e., the next higher court in the chain of review).  As discussed above, the court
6    has determined that petitioner is not entitled to interval tolling either because his subsequent
7    action was not filed in the next higher state court or because it was not properly filed.

8    Next, petitioner argues that his untimely state court actions cannot be considered
9    improperly filed because the timeliness default has not been consistently applied in California.
10   This argument is also unpersuasive.  The question of whether a state procedural default is
11   consistently applied arises in the context of determining whether the default results in a
12   procedural bar to federal review.  Respondent does not argue that any claims are procedurally
13   barred and the issue of consistent application is not relevant to the question of whether a state
14   court action is properly filed.

15   Finally, petitioner argues that he is entitled to equitable tolling.  Because the
16   statute of limitations under AEDPA is not jurisdictional, it is subject to traditional equitable
17   tolling principles.  See Calderon v. United States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th
18   Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly), 163
19   F.3d 530 (9th Cir. 1998) (en banc).  To be entitled to equitable tolling, the petitioner must
20   demonstrate that: (1) he has been diligent in pursuing his rights; and (2) extraordinary
21   circumstances prevented him from filing on time.  See Pace, 544 U.S. 408.

22   In Pace, the Supreme Court held that equitable tolling was not applicable because
23   "petitioner's lack of diligence precludes equity's operation." 544 U.S. at 419.  In Beeler, the
24   district court granted equitable tolling and the respondent sought a writ of mandamus to reverse
25   the district court's order.  See 128 F.3d at 1288.  In denying the respondent's mandamus petition,
26   / / /

the Ninth Circuit addressed the district court's decision to grant equitable tolling as follows:

> Having decided that [the statute of limitations] can be tolled, we have no basis for upsetting the district court's decision to allow Beeler more time to file his petition. The district court found that Beeler's lead counsel, Scott Braden, had diligently pursued the preparation of Beeler's petition. Braden, however, withdrew after accepting employment in another state, and much of the work product he left behind was not usable by replacement counsel – a turn of events over which Beeler had no control. There were thus "extraordinary circumstances" which justified tolling [the] statute of limitations.

Id. at 1289.

In Kelly, the Ninth Circuit again denied mandamus relief and held that equitable tolling was appropriate because:

> . . . [A]s part of its order that Kelly be mentally evaluated, the district court ordered "that all other aspects of this case be, and hereby are, stayed pending final determination by this Court of the Petitioner's mental capacity to proceed." The only reasonable reading of this order was that it prohibited Kelly's attorney's from filing a habeas petition, which is how the district court itself construed it. . . . This stay of the proceedings prevented Kelly's counsel from filing a habeas petition and, in itself, justifies equitable tolling.

163 F.3d at 541.

In addition, the egregious misconduct of counsel may warrant equitable tolling. See Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003). Mental incompetence may also warrant equitable tolling for the period the prisoner was incompetent if he can show that the incompetency in fact caused the delay. See Laws v. Lamarque, 351 F.3d 919 (9th Cir. 2003). The Ninth Circuit has concluded, however, that equitable tolling is not appropriate based on the ordinary negligence of counsel. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001).

In this case, petitioner claims that he is entitled to equitable tolling because his attorney misadvised him with respect to his post-conviction options. As indicated above, absent egregious misconduct, attorney negligence is not a basis for equitable tolling. Petitioner also argues that he is entitled to equitable tolling due to prison lock-downs. Again, this is not an extraordinary circumstance because, even during a lock-down, petitioner would have had the

ability to pursue his state court actions.  A lock-down is a routine incident of prison life which petitioner should have taken into account.  See Atkins v. Harris, 1999 WL 13719 (N.D. Cal. 1999).

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 22) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 26, 2009

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE