IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUINTON D. ROBINSON,	No. 2:07-cv-01228-MCE-CMK-P

    Petitioner,

  vs.	ORDER

HEDGPETH,

    Respondent.

_____/

    Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's objections to the Order Adopting Findings and Recommendations (Doc. 45).

    On January 27, 2009, the Magistrate Judge issued Findings and Recommendations recommending that respondent's motion to dismiss be granted. The undersigned adopted those Findings and Recommendations on March 10, 2009. Petitioner apparently did not receive these filings as he had been released from High Desert State Prison, and had not provided the court with an updated address until March 16, 2009.

///

///

1

Once the court received his address update, petitioner was served with copies of the court's filings, including the Findings and Recommendations, the Order Adopting Findings and Recommendations, and the Judgment.

Petitioner then filed his "objections" on March 24, 2009. As the Findings and Recommendations have been adopted and final judgment entered, the court will construe petitioner's filing as a motion for reconsideration.

The court may grant reconsideration of a final judgment under Federal Rules of Civil Procedure 59(e) and 60. Generally, a motion for reconsideration of a final judgment is appropriately brought under Federal Rule of Civil Procedure 59(e). See Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir. 1985) (discussing reconsideration of summary judgment). The motion must be filed no later than ten days after entry of the judgment.[1] See Fed. R. Civ. P. 59(e). Under Rule 59(e), three grounds may justify reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Under Rule 60(a), the court may grant reconsideration of final judgments and any order based on clerical mistakes. Relief under this rule can be granted on the court's own motion and at any time. See Fed. R. Civ. P. 60(a). However, once an appeal has been filed and docketed, leave of the appellate court is required to correct clerical mistakes while the appeal is pending. See id.

///

///

///

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266 (1988), for pro se prisoner litigants seeking reconsideration, the court calculates the 10-day period from the date the motion was delivered to prison authorities for mailing to the court. Otherwise, the 10-day period is calculated based on the date the motion for reconsideration is actually filed.

1    Under Rule 60(b), the court may grant reconsideration of a final judgment and any order
2    based on, among other things: (1) mistake, inadvertence, surprise, or excusable neglect; (2)
3    newly discovered evidence which, with reasonable diligence, could not have been discovered
4    within ten days of entry of judgment; and (3) fraud, misrepresentation, or misconduct of an
5    opposing party. A motion for reconsideration on any of these ground must be brought within a
6    reasonable time and no later than one year of entry of judgment or the order being challenged.
7    See Fed. R. Civ. P. 60(c)(1).

    Here, petitioner filed his objections/request for reconsideration beyond the 10 day time
period allowed by Rule 59(e). Judgment was entered on March 10, 2009. Petitioner's request
was not received by the court until March 24, 2009, and was not signed until March 22, 2009.
Even providing petitioner the benefit of the mail box rule, his request was untimely. However, if
the court were to consider the merits of his request, petitioner has not provided the court with any
intervening change in controlling law, new evidence, or clear error. In addition, the court does
not find any manifest injustice in having granted respondent's motion to dismiss based on the
petition being filed untimely. Petitioner's request simply restates the same basic arguments he
made in opposition to the motion to dismiss. The undersigned has already found the analysis of
the Magistrate Judge to be accurate, and petitioner has not provided any reason to alter that
decision.

    Petitioner has not identified any clerical mistake needing to be corrected under Rule
60(a). Finally, under Rule 60(b), petitioner has not set forth any argument which would allow
the court to reconsider the entry of final judgment based on a mistake, inadvertence, surprise, or
excusable neglect; he has not identified any newly discovered evidence; nor has he alleged any
fraud, misrepresentation, or misconduct of an opposing party.

///
///
///

Petitioner has not provided the court with any basis in which to grant a motion for reconsideration. The Magistrate Judge's analysis of the statute of limitations was not erroneous. Petitioner failed to follow the proper procedure in filing his petitions, was not entitled to tolling, and his petition filed in this court was therefore untimely.

Accordingly, IT IS HEREBY ORDERED that petitioner's request for reconsideration is denied.

Dated: May 7, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE